UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>United States Department of Justice<br>Consumer Protection Branch<br>450 5th St. NW, Suite 6400,<br>Washington, DC 20001,<br><br>                **Plaintiff**,<br><br>  v.<br><br>**MONUMENT, INC.**,<br>a Delaware limited liability company,<br>350 7th Ave.<br>New York, NY 10001,<br><br>                **Defendant**. | Civ. A. No. 24-1034 (BAH)<br><br>**CONSENT MOTION FOR ENTRY OF PROPOSED STIPULATED ORDER AND RESPONSE TO ORDER TO SHOW CAUSE** |

      Pursuant to the Court's Minute Order to Show Cause dated June 4, 2024, the United States, through counsel, responds to the Court and further files this Motion for the Court to enter the Proposed Stipulated Order that was filed with this Court on April 11, 2024 (ECF No. 2) and is also attached to this Motion. Specifically, the Court noted that the Proposed Stipulated Order was initially filed in this matter without an accompanying motion requesting that the Court execute it. Minute Order, June 4, 2024. The Court ordered the United States to show cause why the Notice of Proposed Order should not be stricken for the failure to file a motion seeking action by the Court.

      The United States respectfully apologizes to the Court for this oversight. In some other matters in which the United States and defendants had reached a settlement, a proposed

1

stipulated order filed contemporaneously with a complaint had been treated as a request for court action, without any separate motion requesting that the order be entered.[1]  The Court has reminded undersigned counsel of the need to comply with the requirements of Federal Rule of Civil Procedure 7(b)(1) and Local Civil Rule 7(a), which specify that requests for court orders must be made by motion.  Going forward, counsel for the United States will endeavor to ensure that Federal Rule of Civil Procedure 7(b)(1) and Local Civil Rule 7(a) are complied with for any future proposed stipulated orders submitted to the Court.  In compliance with these Rules, the United States respectfully files this Consent Motion for Entry of the Proposed Stipulated Order.

## Points and Authorities in Support of Motion

1.      On April 11, 2024, the United States, acting upon notification and referral to the Attorney General by the Federal Trade Commission ("FTC"), filed the Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief against Defendant Monument, Inc., ("Monument") alleging violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Opioid Addiction Recovery Fraud Prevention Act of 2018 ("OARFPA"), 15 U.S.C § 45d, in connection with Monument's advertising, marketing, promotion, offering for sale, or sale of its alcohol addiction treatment services.  (ECF No. 1, Complaint, ¶ 1).

2.      The Complaint contains five counts against Monument. The first four allege that Monument participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with its failure to employ reasonable measures to

---

[1] *See, e.g., United States of America v. Kohl's Inc.*, D.D.C. Case No. 1:22-cv-00964-JDB; *United States of America v. Walmart, Inc.*, D.D.C. Case No. 1:22-cv-00965-JMC; *United States of America v. Vision Path, Inc.*, D.D.C. Case No. 1:22-cv-00176-ABJ; and *United States of America v. Appfolio, Inc.*, D.D.C. Case No. 1:20-cv-03563-TNM.

prevent the disclosure of its customers' health information via tracking technologies to third parties for advertising and the third parties' own purposes (Complaint, ¶¶ 47-49); failure to obtain its customers' affirmative express consent before disclosing their health information to third parties (Complaint, ¶¶ 50-52); misrepresentations that Defendant would not disclose its customers' health information to third parties without their knowledge or consent (Complaint, ¶¶ 53-55); and misrepresentations that Defendant was compliant with the Health Insurance Portability and Accountability Act ("HIPAA"). (Complaint, ¶¶ 56-58).   The Complaint also alleges that Monument's deceptive acts or practices in connection with its alcohol addiction treatment service violated Section 8023 of OARFPA.   (Complaint, ¶¶ 64-66).

3. For these alleged violations, the Complaint seeks relief, including a permanent injunction, civil penalties, and other relief, under Sections 5(m)(1)(A), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(m)(1)(A), 53(b), 57b, and under OARFPA, 15 U.S.C. § 45d.   (Complaint, ¶¶ 1, 67-69).

4. In February 2024, Monument agreed to resolve the allegations in the Complaint under the terms and conditions of the Proposed Stipulated Order.   The Proposed Stipulated Order would impose a civil penalty of $2.5 million, payment of which would be suspended, conditioned upon the truthfulness, accuracy, and completeness of sworn financial statements and related documents Monument submitted to the FTC.   (Proposed Stipulated Order, ¶ XI.C.).

5. The Proposed Stipulated Order also contains injunctive relief to avoid future violations of the FTC Act and OARFPA and to better protect Monument's customers' sensitive health information.   Section I would permanently enjoin Monument from disclosing health information to third parties for advertising purposes. (*Id.*, ¶ I.A.-B.).   Section II would require

Monument to obtain its customers' affirmative express consent prior to disclosing any health information to a third party.  (*Id.*, ¶ II).   Section III would prohibit Monument from making any misrepresentations about how it collects, manages, and discloses its customers' health information.  (*Id.*, ¶ III.A.-D.).   And Section IV would require Monument to conduct an internal assessment of the third parties that received its customers' health information and what was specifically disclosed, and then submit that information to the FTC within 60 days of the Proposed Stipulated Order's effective date.  (*Id.*, ¶ IV.A.-C.).   Under Section IV, Monument would be required to provide a copy of the Order to certain third parties within 90 days of its effective date.  *Id.*

6. As part of the settlement, Monument has waived service of the Complaint and further agreed to the Court's entry of the Proposed Stipulated Order.   (*Id*. at PDF pg. 1).

7. The United States and Monument (collectively "the Parties") and their counsel agree this Court should retain jurisdiction over this matter for purposes of construction, modification, and enforcement of the Proposed Stipulated Order.   (*Id*. at PDF pg. 30).

8. The Parties further agree that each Party shall bear its own cost for this action and waive all rights to appeal or otherwise challenge or contest the validity of the Proposed Stipulated Order.   (*Id*. at ¶ 4).

9. Representatives of Monument and the United States have signed the Proposed Stipulated Order's signature pages (*Id.*, PDF pgs. 31-33) and stipulate to the Court's entry of the Proposed Stipulated Order.   (*Id*. at PDF pg. 1).

10. This Court has the power to enter the Proposed Stipulated Order without first determining a statutory violation has occurred.  *See Citizens for a Better Env't v. Gorsuch*, 718

F.2d 1117, 1125-26 (D.C. Cir. 1983).  Its duty is only to satisfy itself of the settlement's "overall fairness to beneficiaries and consistency with the public interest."  *Id*. (citing *United States v. Trucking Emps., Inc.*, 561 F.2d 313, 317 (D.C. Cir. 1977).  In approving and entering the Proposed Stipulated Order, this Court "need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy."  *In re Idaho Conservation League*, 811 F.3d 502, 515 (D.C. Cir. 2016) (quoting *Metro. Hous. Dev. Corp. v. Vill. Of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980)).  Rather, this Court "need only determine that the settlement is fair, adequate, reasonable, and appropriate under the particular facts and that there has been a valid consent by the concerned parties."  *Id.*

11. The Proposed Stipulated Order is fair, adequate, reasonable, and appropriate.  As described above, the Proposed Stipulated Order includes injunctive relief designed to prevent future legal violations, protect the privacy of consumers' sensitive health information, and prohibit Monument from misrepresenting its privacy practices.  The Order reflects fairness to the parties because it would enable the United States to secure greater privacy protections for the American public while allowing Monument to continue providing addiction treatment services, subject to the Order's restrictions.  Data privacy and addiction treatment are also in the public interest.

12. The Proposed Stipulated Order is also consistent with the government's broad discretion to determine the most advantageous form for securing negotiated relief.  *See United States v. Fokker Servs. B.V.*, 818 F.3d 733, 744 (D.C. Cir. 2016) (consent orders should be reviewed by the district court in a manner that "avoid[s] encroaching on the Executive's core discretion over enforcement decisions").  By its terms, the Proposed Stipulated Order would

avoid a "protracted examination of the parties' legal rights," which would benefit both the parties and the public by "saving [] time and money that results from the voluntary settlement of litigation." *Citizens for a Better Env't*, 718 F.2d at 1126. Finally, the Proposed Stipulated Order reflects good faith negotiations by the parties, and each has provided their valid consent as described above in Paragraph 9.

## Conclusion

For the forgoing reasons, the United States respectfully requests that the Court sign the Proposed Stipulated Order and enter it as the judgment of the Court in this action.

Respectfully submitted,

Dated:   June 6, 2024

**FOR THE UNITED STATES OF AMERICA:**

**BRIAN BOYNTON**
Assistant Attorney General
Civil Division

**AMANDA N. LISKAMM**
Director
Consumer Protection Branch

**LISA K. HSIAO**
Senior Deputy Director

**ZACHARY A. DIETERT**
Assistant Director

                                                          _____
**RICHARD S. GREENE IV**
TN Bar No. 024450
Senior Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 5th St. NW, Suite 6400
Washington, DC 20001
Phone: 202-305-3827
Email: Richard.S.Greene.IV@usdoj.gov